UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


DARIN UNDERWOOD,


v.                          Case No. 8:04-cr-165-T-24MSS
                                 8:07-cv-1596-T-24MSS


UNITED STATES OF AMERICA.

_____


O R D E R


        This cause is before the Court upon Defendant Darin Underwood's motion to vacate,

set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1;

cr-59).  Because review "of the motion and the file and records of the case conclusively

show that the defendant is entitled to no relief," the Court will not cause notice thereof to

be served upon the United States Attorney but shall proceed to address the matter. *See*

28 U.S.C. § 2255.

PROCEDURAL HISTORY

        On April 1, 2004, Underwood pled not guilty to a two-count indictment.  Count one

charged Underwood with possession with intent to distribute 50 grams or more of crack

cocaine in violation of 21 U.S.C. § 8419a0(1) and (b)(1)(A)(iii) (offense ending November

15, 2002).  Count two charged Underwood with possession with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (offense ending November 18, 2002).

On July 20, 2004, after trial, the jury found Underwood guilty of both counts. (Doc. cr-29, 30, 31).  On October 21, 2004, the Court sentenced Underwood to a total term of one hundred and thirty-five months incarceration as to Counts One and Two with the sentences to run concurrent to each other.  Judgment was entered that  same date. (Doc. cr-51 at pp. 7, 11; cr-35).

On November 2, 2004, trial counsel filed a Notice of Appeal.  (Doc. cr-36) On November 18, 2004, appellate counsel made his appearance. (Doc. cr-39)  On May 26, 2006, the United States Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence. (Doc. cr-56).  On October 16, 2006, the United States Supreme Court denied Underwood's petition for writ of certiorari. (Doc. cr-57)

Underwood signed the present motion to vacate on September 5, 2007, and filed the motion to vacate on September 7, 2007.  The motion to vacate is timely.

Discussion

Underwood claims that his trial counsel was ineffective at sentencing for failing to raise a *United States v. Booker*, 543 U.S. 220 (2005) objection to his sentence, because trial counsel's failure to do so 1) resulted in the Eleventh Circuit's considering his claim under the plain error standard, and 2) resulted in Underwood's being sentenced under mandatory, rather than advisory sentencing guidelines.  He alleges that:

> Since the Supreme Court Supreme Court's decision in *Blakely*  had
> been handed down prior to Mr. Underwood's sentencing, Defense Counsel

was ineffective as a matter of law . . . for failing to timely object to the
mandatory application of the Federal Guidelines.

(Memorandum in support of Motion To Vacate, Doc. 1, p. 4).

He also contends that:

Appellate counsel made an effort to have Mr. Underwood's sentence
vacated on direct appeal, albeit the failure of trial counsel to have timely
objected was the "only" reason that the effort was denied.  "If" the mandatory
application of the Guidelines had been objected to by Defense Counsel, the
case would have been remanded for resentencing.

(Memorandum, Doc. 1, p. 5).

Standard for Ineffective Assistance of Counsel

The Sixth Amendment right to counsel exists to protect the fundamental right to a

fair trial. To succeed on a claim of ineffective assistance of counsel, a movant must satisfy

both prongs of the test set by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668

(1984). The performance prong requires a movant to establish that counsel performed

outside the wide range of reasonable professional assistance and made errors so serious

that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.*

at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient

performance of his counsel prejudiced the defense. *Id.* at 687.

Under the performance component of the *Strickland* inquiry, a movant must

establish that his attorney's performance "fell below an objective standard of

reasonableness." *Strickland,* 466 U.S. at 688. "The proper measure of attorney

performance remains simply reasonableness under prevailing professional norms." *Id.* In

other words, criminal defendants have a Sixth Amendment right to "reasonably effective"

legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

There is a strong presumption that counsel's performance was reasonable and adequate, and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.1994); *see Strickland*, 466 U.S. at 689. Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel, based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir.1992); *see Strickland*, 466 U.S. at 690.

Under the prejudice component of *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

It is well settled that an attorney's failure to anticipate a change in the law does not constitute ineffective assistance of counsel. *See, e.g., United States v. Ardley*, 273 F.3d 991, 992 (11th Cir. 2001); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994); *Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991). This "rule applies even if the claim based on anticipated changes in the law was reasonably available at the time counsel failed to raise it." *Ardley*, 273 F.3d at 993 (citing *Pitts*, 923 F.2d at 1572-74).

*Underwood's Trial Counsel Was Not Ineffective*

Underwood's trial counsel cannot be faulted for failing to anticipate that the United States Supreme Court's decision in *Blakely* would lead to the Supreme Court's decision in

4

*Booker*. The *Blakely* Court stated that  it expressed no opinion on the continuing validity of the federal guidelines. *See Blakely*, 542 U.S. at 305 n. 9.  On the other hand, the *Booker* Court held that any potential Sixth Amendment problems in the application of the federal guidelines would be remedied by the guidelines being advisory rather than mandatory. *Booker* was not decided until 2005.

Underwood has not established that his counsel's failure to raise a *Booker* argument fell below an objective standard of reasonableness, and Underwood is not entitled to relief on his claim that his trial attorney failed to raise and argue a *Booker* issue at sentencing. *See Strickland,* 466 U.S. at 688.

Accordingly, the Court orders:

That Underwood's motion to vacate (Doc. cv-1; cr-59) is denied, with prejudice.  The Clerk is directed to enter judgment against Underwood in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473,

484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on October 31, 2007.

SUSAN C. BUCKLEW
United States District Judge

AUSA:  Anthony Edward Porcelli
Pro se:  Darin Underwood

6